**Earl Lewis KENT, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 28987.

United States Court of Appeals,
Fifth Circuit.

April 1, 1970.

Earl Lewis Kent, pro se.

Robert W. Rust, U. S. Atty., Michael J. Osman, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This case came to us initially on Petitioner's pro se application for appointment of counsel to represent him on appeal from the denial without a hearing of his § 2255 motion to vacate sentence. We deferred action on this since it seemed that the case might have to be reversed without more. The Government was called upon to show cause why the case should not be summarily reversed to allow an out-of-time appeal. See Atilus v. United States, 5 Cir., 1969, 406 F.2d 694. The Government filed

an affidavit contesting Petitioner's factual allegations and requesting remand for an evidentiary hearing. The Court on its motion summarily reverses.

Petitioner's claim is that he was denied effective aid from his court-appointed counsel. He alleges that he requested his attorney to appeal the conviction and that his attorney intimated that he would do so but never did.

 The Trial Judge, deeming Atilus v. United States, 5 Cir., 1969, 406 F.2d 694, not controlling because it deals with a defendant who was not informed of his right to appeal, held that Petitioner had not been denied effective assistance since he could not show " 'the occurrence of prejudicial trial errors that would have called for reversal of his conviction'. Peabody v. United States, 394 F.2d 175, 177 (9th Cir., 1968) and Mitchell v. United States, [103 U.S.App. D.C. 97] 254 F.2d 954 (D.C.Cir., 1958)."

■ But *Atilus* is clearly controlling here if Petitioner desired an appeal and made this desire known to counsel and counsel declined to take and prosecute the appeal.

In *Atilus* this Court allowed an out-of-time appeal because defendant's attorney did not appeal when he was requested to do so. The situation, as alleged by Petitioner, is the same in this case.

If the request was made and not carried out, for whatever reason—breakdown in communication, inadvertence, etc.—Petitioner was denied effective assistance and is entitled to an out-of-time appeal.

Upon remand the Trial Judge should determine what the full facts are including whether the request was made. He should also determine whether the requirements of Rule 32(a) (2) F.R.Crim. P.[1] were complied with. The manner

of determination—whether Petitioner ought to be returned to the Court to testify or whether his proof can be presented by interrogatories, depositions or other appropriate means—is left initially to the discretion of the Trial Judge. See Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

Vacated and remanded.

---

1. § 32(a) (2):
   "*Notification of Right to Appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant."