**Roger Dale FERGUSON,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 81–7539.

United States Court of Appeals,
Eleventh Circuit.

March 7, 1983.

Perry E. Pearce, Birmingham, Ala. (Court Appointed), for plaintiff-appellant.

Thomas H. Figures, Asst. U.S. Atty., Mobile, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

Appellant challenges the district court's denial of his motion to vacate, set aside or correct his prison sentence pursuant to 28 U.S.C. § 2255. For the following reasons, we affirm.

In August of 1980, appellant was charged with escape from federal custody in viola-

tion of 18 U.S.C. § 751. He initially pled not guilty but changed his plea to guilty three weeks after arraignment. At the sentencing hearing, appellant stated that his plea was completely voluntary and not given in reliance on any plea bargaining. The district court then sentenced him to three years in prison. On December 8, 1980, appellant filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, claiming that he received ineffective assistance from his retained counsel. He alleged that his attorney mistakenly advised him a plea bargain existed, thereby inducing his guilty plea, and that the same attorney failed to file an appeal after being instructed to do so. The district court summarily denied appellant's motion with respect to his alleged reliance on the existence of a plea agreement, but ordered an evidentiary hearing before a magistrate with respect to the claim concerning his attorney's failure to file an appeal. A magistrate held an evidentiary hearing in April of 1981 and concluded that appellant's motion should be denied. The district court adopted the magistrate's recommendation and entered an order denying the motion. In this appeal from that order, appellant raises two issues.

■ Appellant first argues that the district judge erred in summarily denying the portion of his claim of ineffective assistance of counsel relating to his guilty plea. In essence, he contends that his guilty plea was involuntary and void because his attorney mistakenly assured him a plea agreement had been successfully negotiated. After a full review of the record and relevant law, we reject this argument. Appellant's motion to vacate alleged, without supporting affidavits or other evidence, that he pled guilty only after his attorney assured him a plea agreement existed, and that he told the district judge of this belief during the sentencing hearing. The record of the sentencing hearing is totally contradictory of these assertions, however, and compels us to conclude that appellant pled guilty with full understanding and volition. The sentencing judge questioned appellant, his attorney, and the prosecuting attorney, about plea bargaining, and each responded that a plea agreement did not exist. Appellant expressly stated that his plea was in no way conditioned on an agreement with the prosecution. Therefore, the district court below was faced with a record totally inconsistent with the unsupported allegations made by appellant in his motion to vacate. Under these circumstances, the district court properly refused to grant an evidentiary hearing on the issue. *Bryan v. United States,* 492 F.2d 775 (5th Cir.) (en banc), *cert. denied,* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974). Appellant responds that *Bryan* isn't applicable to his case since at the evidentiary hearing on the claim concerning failure to appeal his original attorney testified that there may have been some confusion concerning a plea agreement. Therefore, he argues, our decisions in *Dugan v. United States,* 521 F.2d 231 (5th Cir.1975) and *United States v. McCord,* 618 F.2d 389 (5th Cir.1980), entitle him to an evidentiary hearing. Appellant fails to realize, however, that these cases mandate an evidentiary hearing only when the district court is aware of some credible supporting evidence, other than the claimant's allegations, at the time the district court rules on the motion. In the present case, the supporting evidence on which appellant relies was not presented to the district court until after this claim was decided. Without some extenuating circumstance or reasonable excuse for failure to present the evidence in a timely manner, the district court below was not required to vacate its earlier decision and grant an evidentiary hearing.

■ Appellant's second claim of error is that the district court improperly refused to grant him an out-of-time appeal on the grounds that his attorney rendered ineffective assistance of counsel by failing to file a direct appeal. In numerous cases we have held that an attorney's total failure to file an appeal after being instructed to do so will always entitle the defendant to an out-of-time appeal, regardless of the defendant's chances of success. *See, e.g., Thor v. United States,* 574 F.2d 215 (5th Cir.1978); *Arrastia v. United States,* 455 F.2d 736 (5th

Cir.1972); *Kent v. United States,* 423 F.2d 1050 (5th Cir.1970); *Atilus v. United States,* 406 F.2d 694 (5th Cir.1969); *Bray v. United States,* 370 F.2d 44 (5th Cir.1966). In all of these cases, however, the defendant pled not guilty and was convicted at trial. We have never addressed the issue of whether an attorney's failure to file a direct appeal after his client pled guilty constitutes ineffective assistance of counsel. We note, however, that the new Fifth Circuit recently addressed this very issue and concluded a defendant is not entitled to post-conviction relief under these facts:

> The basic principles upon which our rule entitling a defendant to an out-of-time appeal is founded are (1) that every person has an absolute right to an appeal from a trial court conviction, *Atilus v. United States, supra* at 697, and (2) that a criminal defendant's right to counsel extends through the period for taking an appeal. *Bray v. United States, supra* at 46. The failure of trial counsel to perfect an appeal denies a defendant the absolute right to appeal his jury conviction and, therefore, deprives him of his right to effective assistance of counsel.
>
> The considerations, however, underlying an acceptance of a guilty plea are quite different from the considerations underlying a defendant's decision to take a direct appeal from a judgment of conviction. *Arrastia v. United States, supra* at 738–39. A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant. *United States v. Jackson,* 659 F.2d 73 (5th Cir.1981); *United States v. Saldana,* 505 F.2d 628 (5th Cir.1974). Absent a jurisdictional defect, a defendant usually has no right to appeal from a plea of guilty. We note that following a plea of guilty, a defendant may in some circumstances question the propriety of a Rule 11 proceeding. Other complaints, however, not based on a jurisdictional or Rule 11 ground should be considered in a motion to vacate under Section 2255.

*Barrientos v. United States,* 668 F.2d 838, 842–43 (5th Cir.1982). In other words, a defendant who pleads guilty waives all but a few grounds on which to appeal, and these grounds are not limited to review in a direct appeal after sentencing. Thus, an attorney's failure to file a direct appeal under these circumstances does not constitute ineffective assistance of counsel since it causes no harm to the defendant. We are persuaded by this reasoning. In the present case appellant challenged his guilty plea, and the issue and record were reviewed by the district court. He has cited no other error and we find none in the record.

For the above reasons, the judgment of the district court is

AFFIRMED.