Albert GRAY, Jr., Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 87–3115
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 28, 1987.

Albert Gray, Jr., pro se.

Alan Ceballos, Asst. U.S. Atty., Jacksonville, Fla., for respondent-appellee.

Before RONEY, Chief Judge,
TJOFLAT and EDMONDSON, Circuit
Judges.

PER CURIAM:

The denial of this 28 U.S.C.A. § 2255 petition for a writ of habeas corpus must be vacated and remanded for reconsideration of the claim that federal defendant Albert Gray, Jr. was denied effective assistance of counsel when his attorney failed to file an appeal after specifically being requested to do so.

Gray was convicted on charges relating to his participation in a heroin distribution scheme and sentenced to 24 years in federal prison. No direct appeal was filed on his behalf. Gray did file a *pro se* Fed.R.Crim. P. 35 motion for reduction of sentence several months later, which was denied by the district court. Gray then filed this *pro se* 28 U.S.C.A. § 2255 motion to vacate, set aside, or correct sentence, alleging that (1) he was denied discovery; (2) he was denied timely access to his presentence investigation report, which contained a number of inaccurate statements; (3) he was improperly denied bail; (4) his convictions on multiple counts violated the double jeopardy clause of the Constitution; (5) humanitarian concerns dictated a more lenient sentence; and (6) his counsel was ineffective on several grounds, including his failure to file a direct appeal.

The district court rejected all of Gray's contentions. Although the parties on this appeal have briefed all of the substantive issues, we reach only the claim of ineffective assistance of counsel for failure to file an appeal.

The district court denied relief on this claim with the statement "that defendant has failed to demonstrate prejudice from his counsel's failure to file an appeal." In a series of decisions, however, this Court has held that if an attorney fails to file an appeal after the defendant requests him to do so, the defendant was denied effective assistance and is entitled to an out-of-time appeal, without any showing of likelihood of prevailing on the appeal. *Perez v. Wainwright,* 640 F.2d 596 (5th Cir.1981); *Kent v. United States,* 423 F.2d 1050 (5th Cir.1970); *Atilus v. United States,* 406 F.2d 694 (5th Cir.1969). Since these Fifth Circuit cases, the Eleventh Circuit has

clearly stated: "In numerous cases we have held that an attorney's total failure to file an appeal after being instructed to do so will always entitle the defendant to an out-of-time appeal, *regardless of the defendant's chances of success.*" (Emphasis added). *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir.1983).

We therefore must remand this case to the district court for a determination of whether in fact the defendant made the request that would establish an absolute right to have counsel file an appeal from his conviction, and to find the facts concerning counsel's failure if such a request was made. The manner of determination, i.e., whether Gray needs to testify or whether his proof can be presented by interrogatories, depositions or other appropriate means, is left to the discretion of the trial judge. *Kent v. United States,* 423 F.2d at 1051.

On any future appeal in this case that concerns the other issues briefed on this appeal, the parties may, if they choose, resubmit briefs heretofore filed in this Court, together with such supplemental briefing as is deemed necessary.

VACATED and REMANDED.