United States Court of Appeals,

Eleventh Circuit.

No. 94-4774

Non-Argument Calendar.

Robert MONTEMOINO, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Oct. 20, 1995.

Appeal from the United States District Court for the Southern District of Florida. (Nos. 94-37-CIV, 91-742-CR), James W. Kehoe, Judge.

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Robert Montemoino was convicted, based upon his guilty plea, of conspiracy to possess with intent to distribute cocaine. He did not appeal his conviction or sentence. Thereafter, Montemoino filed a 28 U.S.C. § 2255 petition raising a large number of grounds for relief. The district court denied that petition, and Montemoino appeals.

The district court's denial of the petition was proper, except in one respect. One of the grounds Montemoino raised in the petition was that his attorney had rendered ineffective assistance of counsel by failing to appeal his sentence. Montemoino alleged in the petition that he had requested his attorney to file a notice of appeal, but the attorney failed to do so. Nothing in the record of the guilty plea proceeding or the record of the § 2255 proceeding contradicts Montemoino's allegation. The district court did not hold a hearing on the petition.

This Court has long held that an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal. *See e.g., Gray v. United States,* 834 F.2d 967, 967-68 (11th Cir.1987); *see also Ferguson v. United States,* 699 F.2d 1071, 1072-73 (11th Cir.1983) (and cases cited therein). However, this Court has also held that a different rule applies to guilty plea cases, because:

> [t]he considerations ... underlying an acceptance of a guilty plea are quite different from the considerations underlying a defendant's decision to take a direct appeal from a judgment of conviction. A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant. Absent a jurisdictional defect, a defendant usually has no right to appeal from a plea of guilty.

*Ferguson,* 699 F.2d at 1073 (quoting *Barrientos v. United States,* 668 F.2d 838, 842-43 (5th Cir.1982) (citations omitted). Because the few grounds upon which the guilty plea may be challenged are not limited to direct appellate review, but instead are more appropriately raised in § 2255 proceedings, an attorney's failure to file a direct appeal from a guilty plea "does not constitute ineffective assistance of counsel since it causes no harm to the defendant." *Ferguson,* 699 F.2d at 1073.

At first blush, the *Ferguson* rule would appear to foreclose Montemoino's claim that his attorney's failure to file an appeal constituted ineffective assistance of counsel. However, *Ferguson* is a pre-Sentencing Guidelines case. *See* U.S.S.G. ch. 1, pt. A (observing that the Sentencing Guidelines took effect November 1, 1987). Absent an express waiver of the right to appeal his sentence, a defendant who pleads guilty and is sentenced under the

Guidelines has a right to direct appeal of his sentence. *See United States v. Bushert,* 997 F.2d 1343 (11th Cir.1993). Because of that opportunity, a defendant has no right to raise Guidelines sentencing issues in a § 2255 proceeding. *See Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir.), *cert. denied,* 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990) (holding that a petitioner may not litigate claims in a § 2255 proceeding that were not raised on direct appeal absent a showing of both cause and actual prejudice). The reasoning that underlies the *Ferguson* rule in pre-Guidelines cases does not apply insofar as sentencing issues in Guidelines cases are concerned, because none of the Guidelines sentencing issues available to the defendant are waived by the plea, unless there is an express waiver of the right to appeal the sentence that complies with the requirements of *Bushert.* There was none in this case.

Accordingly, if Montemoino requested his counsel to file an appeal, and counsel failed to do so, Montemoino is entitled to an out-of-time appeal on any sentencing issues. Such an appeal would extend only to sentencing issues. The *Ferguson* rule is still applicable insofar as guilt stage, or guilty plea validity, issues are concerned, because those issues can be raised in a § 2255 proceeding. They were in this case, and the district court properly rejected them on the merits.

We remand for an evidentiary hearing on Montemoino's allegation that he requested his counsel to file a direct appeal. If the district court finds that Montemoino did make such a request, it should enter an order granting an out-of-time appeal

limited to sentencing issues.

     AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART.