United States Court of Appeals,

Eleventh Circuit.

No. 95-2708.

Finn MARTIN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

April 26, 1996.

Appeal from the United States District Court for the Middle District of Florida. (Nos. 91-290-Cr-T-24C and 94-811Civ-T-24C), Susan C. Bucklew, Judge.

Before EDMONDSON and BARKETT, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Finn Martin moved pursuant to 28 U.S.C. § 2255 for permission to file an untimely appeal due to ineffective assistance of counsel. The District Court denied the motion based on the fact that Martin had plead guilty. Because Martin was entitled to appeal his sentence even though he plead guilty, and because the failure to file an appeal constituted ineffective assistance of counsel, we reverse.

## I. BACKGROUND

Finn Martin was represented by Frank E. Freeman, a criminal defense attorney. Martin plead guilty to conspiracy to import cocaine and was sentenced to 169 months in prison. Martin claims that he advised Freeman he wanted to appeal the sentence. Freeman admitted that after the sentencing he did not want to handle an appeal unless required to do so by the court,[1] and that he stopped

---

[1] By the time Martin was sentenced, he had paid Freeman only $1500 of the agreed $50,000 representation fee.

accepting Martin's collect calls from jail.

Several months later Martin filed a pro se appeal. The District Court appointed new counsel, but the our Court ruled that the appeal was untimely. Martin then filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. The motion was referred to a Magistrate Judge. The Magistrate found that Martin had advised Freeman that he wanted to appeal the sentence and that Freeman's performance was deficient, but the Magistrate recommended denying the motion because Martin had plead guilty and suffered no prejudice. The District Court adopted the Magistrate's recommendation.

## II. STANDARD OF REVIEW

In a § 2255 proceeding, factual findings are reviewed for clear error while legal issues are reviewed de novo. *Fernandez v. United States,* 941 F.2d 1488, 1491 (11th Cir.1991); *Barrientos v. United States,* 668 F.2d 838, 841 (5th Cir.1982).

## III. ANALYSIS

The District Court based its decision on *Ferguson v. United States,* 699 F.2d 1071 (11th Cir.1983). In *Ferguson,* the Court recognized that the failure of an attorney to file an appeal after a trial, where the defendant requests such an appeal, constitutes ineffective assistance of counsel. *Id.* at 1073. The Court held, however, that the failure by counsel to file an appeal after a guilty plea does not constitute ineffective assistance of counsel. *Id.* The Court noted that a defendant who pleads guilty generally has no right to a direct appeal, and so suffers no harm where counsel fails to file an appeal.

*Ferguson* was decided in 1983, prior to the Sentencing Guidelines. Under the Guidelines, Martin has the right to directly appeal the sentence even though he plead guilty. *See Montemoino v. United States,* 68 F.3d 416, 417 (11th Cir.1995). Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255. *Id.* Thus, under the Guidelines, a defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant plead guilty. In this situation, the defendant is entitled to an out-of-time appeal, even without showing whether or not there are any viable grounds for such an appeal.

## IV. CONCLUSION

Because Martin was entitled to appeal his sentence even though he plead guilty, and because the failure to file an appeal constituted ineffective assistance of counsel, we REVERSE and REMAND with instructions to grant relief allowing a direct appeal.