[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17 2000
THOMAS K. KAHN
CLERK

_____

No. 99-11024
Non-Argument Calendar

_____

D. C. Docket No. 99-00223-CV-T-26A

JORGE MEDEROS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 17, 2000)**

Before TJOFLAT, COX and BARKETT, Circuit Judges.

COX, Circuit Judge:

Jorge Mederos, proceeding pro se (as he was before the district court), appeals the dismissal of his 28 U.S.C. § 2255 motion.[1] We vacate the district court's order denying Mederos's § 2255 motion as time-barred, and remand.

Mederos pleaded guilty to a charge of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On January 23, 1998, the district court entered judgment against Mederos and sentenced him to 151 months' imprisonment. Mederos did not file a timely notice of appeal, and his January 21, 1999 motion for leave to file an out-of-time appeal was denied. Accordingly, the judgment of conviction became final on February 2, 1998, ten days after it was entered. *See* Fed. R. App. P. 4(b)(1).

On February 1, 1999[2] Mederos filed a § 2255 motion, alleging that: (1) the district court erred by attributing 50 kilograms of cocaine to him at sentencing and (2) his counsel was ineffective for failing to (a) maintain an objection to drug quantity and (b) file an appeal. On February 9, 1999, the district court denied without prejudice Mederos's § 2255 motion, concluding that it was insufficient because Mederos did not

---

[1] Because Mederos filed his § 2255 motion after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this appeal.

[2] The certificate of service attached to the motion was dated January 23, 1999, but the record does otherwise indicate when Mederos delivered his motion to prison officials for transmittal to the court. In any event, the February 1, 1999 filing date was within AEDPA's one-year limitations period. *See* 28 U.S.C. § 2255.

sign it under penalty of perjury as required by Rule 2(b) of the Rules Governing §

2255 Proceedings.

On February 25, 1999, Mederos filed a second § 2255 motion that was identical

to his initial § 2255 motion, except that it included the Rule 2(b) signature under

penalty of perjury (dated February 17, 1999) on an additional page. The district court

clerk docketed this second § 2255 motion as an amended motion under the same case

number. The district court denied it as time-barred, reasoning that because Mederos

had not filed a direct appeal, his conviction became final on February 2, 1998, and this

second § 2255 motion was filed more than one year later. In addition, the district

court concluded that, because Mederos's initial § 2255 motion had been deficient in

a material respect for lack of the required signature under penalty of perjury, it could

not be considered to toll AEDPA's one-year statute of limitations.

Mederos moved the court to reconsider, arguing that his initial § 2255 motion

was timely filed and that the "technical insufficiency" was immediately corrected by

his addition of the declaration under penalty of perjury. Therefore, according to

Mederos, because the initial motion was timely filed, the second, "technically

sufficient" motion should have been considered timely. The district court denied the

motion for reconsideration. Mederos then filed a third § 2255 motion, which the

district court denied.

The district court also denied Mederos's motions for a certificate of appealability (COA) and leave to proceed in forma pauperis (IFP) on appeal. We granted Mederos's motion for leave to proceed IFP and granted COA on the issue of whether the district court properly determined that Mederos's § 2255 motion was time-barred. We review the district court's interpretation of law de novo and its findings of fact for clear error. *See Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996).

Mederos argues that the district court should have accepted his § 2255 motion as timely filed because he immediately corrected the technical oversight and returned the motion to the district court. The Government, however, contends that the district court properly dismissed Mederos's initial, unsworn § 2255 motion as fatally defective and Mederos's second § 2255 motion as untimely. We agree with Mederos and conclude that the district court abused its discretion by not construing Mederos's second § 2255 motion as an amended motion that related back to his timely initial motion. Our conclusion is supported by the specific circumstances of this case, Fed. R. Civ. P. 15, and our precedent governing Fed. R. Civ. P. 12(b)(6) dismissals.

First, the unique circumstances presented by this case require special consideration. Pro se filings, including those submitted by Mederos in the present case, are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520, 92

4

S. Ct. 594, 596 (1972). In this case, the omission of the Rule 2(b) signature under penalty of perjury was a readily curable defect, and Mederos remedied the defect without delay. Accordingly, Mederos's second § 2255 motion, which was substantively identical to his initial motion and simply added the omitted verification, should have been construed liberally as an amendment to his initial § 2255 motion.

Second, Fed. R. Civ. P. 15 permitted Mederos to amend his initial § 2255 motion. Under Rule 12 of the Rules Governing § 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner not inconsistent with the Rules Governing § 2255 Proceedings. Federal Rule of Civil Procedure 15(a) permits a party to amend his pleading once "as a matter of course at any time before a responsive pleading is served," and instructs that even following service of a responsive pleading, leave of court to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the present case, Mederos effectively amended his initial motion under Fed. R. Civ. P. 15(a). No responsive pleading had been served (or even ordered), and the interests of justice undeniably would have been served by permitting an amendment instead of denying him the opportunity to pursue § 2255 relief for failure to verify.

Furthermore, under Fed. R. Civ. P. 15(c)(2), amendments of pleadings relate back to the date of the original pleading when the claim asserted in the amended pleading arises out of the same conduct, transaction, or occurrence set forth in the original pleading. *See* Fed. R. Civ. P. 15(c)(2). Mederos's second motion satisfied the requirements to relate back to his initial motion under Fed. R. Civ. P. 15(c)(2), as the second motion stated identical allegations as his initial motion. *Cf. United States v. Duffus*, 174 F.3d 333, 337 (3d Cir.), *cert. denied*, — U.S. —, 120 S. Ct. 163 (1999); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (both concluding that amendments to timely § 2255 motions were time-barred and could not relate back to the original filing date because the amendments failed to satisfy Fed. R. Civ. P. 15(c)(2)'s "same conduct, transaction, or occurrence" standard for permitting relation back).

Finally, we have held, in a civil proceeding, that a district court abuses its discretion by dismissing a complaint under Fed. R. Civ. P. 12(b)(6) where a more carefully drafted complaint might state a claim. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). We reasoned:

> A district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed.R.Civ.P. 15(a), which directs that leave to amend shall be freely given when justice so requires. . . . Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give

6

a plaintiff an opportunity to amend his complaint instead of dismissing it. . . . This is still true where the plaintiff does not seek leave until after the district court renders final judgment . . . .

*Id.* (internal alterations, citations, and quotations omitted).

We conclude, therefore, that in the present case, justice required the district court to treat Mederos's second motion as an amendment that cured the initial § 2255 motion's technical deficiency, and related back to the date of filing of the original motion for statute of limitations purposes.  Accordingly, we vacate the district court's March 10, 1999 order dismissing Mederos's second § 2255 motion and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.