[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15712
Non-Argument Calendar
_____

D. C. Docket Nos.
03-08045-CV-CLS-PWG
03-00040-CR-CLS

COLLINS IRIS GASTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 13, 2007)

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Collins Iris Gaston, a federal prisoner serving a 135-month sentence for conspiracy to possess with intent to distribute crack cocaine, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this appeal because Gaston filed his motion after the AEDPA's enactment. We granted a certificate of appealability only as to "Whether appellant was denied effective assistance of counsel when counsel failed to file a timely notice of appeal after appellant allegedly requested counsel to do so."

In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether counsel is ineffective is a mixed question of law and fact that we review de novo. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). Because Gaston is proceeding pro se, we liberally construe his pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In Roe v. Flores-Ortega, 528 U.S. 470, 473-75, 120 S.Ct. 1029, 1033-34, 145 L.Ed.2d 985 (2000), the Supreme Court considered a case in which a state defendant pleaded guilty to murder, but did not waive his right to appeal, nor

2

consented to his attorney not filing a notice of appeal. The Supreme Court held that the test in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to determine whether counsel was ineffective for failing to file a notice of appeal. <u>Flores-Ortega</u>, 528 U.S. at 477, 120 S.Ct. at 1034. Under <u>Strickland,</u> a movant demonstrates ineffective assistance of counsel by showing: "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." <u>Flores-Ortega</u>, 528 U.S. at 476-77, 120 S.Ct. at 1034 (internal quotation marks and internal citations omitted).

With respect to the objective standard of reasonableness, the Supreme Court reaffirmed that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner. <u>Id.</u> at 477, 120 S.Ct. at 1035. The Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id.</u> at 480, 120 S.Ct. at 1036.

With respect to prejudice, the <u>Flores-Ortega</u> Court held that prejudice is presumed where counsel fails to file an appeal that the defendant wanted filed

because the defendant is denied the opportunity for a proceeding at all. Id. at 483, 120 S.Ct. at 1038. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484, 120 S.Ct. at 1038. This is true even absent the defendant showing that he would have had any viable grounds for an appeal. Id. at 477, 120 S.Ct. at 1035.

The general rule of Flores-Ortega also applies even if the defendant has signed a limited waiver of his right to appeal his sentence. Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005). The defendant in Gomez-Diaz waived his right to directly or collaterally appeal his sentence unless the sentencing judge upwardly departed, sentenced above the statutory maximum, or sentenced in violation of the law apart from the guidelines. Id. We instructed the district court to hold an evidentiary hearing to determine whether (1) Gomez-Diaz had requested that his counsel file an appeal, and, therefore, whether his counsel had a duty to appeal and, (2) if not, whether Gomez-Diaz's counsel consulted with Gomez-Diaz and fulfilled his constitutional duty to determine whether Gomez-Diaz wished to appeal. Id. at 792-93. We further held that even though the defendant had waived "many, but not all, of his appellate rights," he had no duty to "identify any

4

arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver." Id. at 793; see also Montemoino v. United States, 68 F.3d 416, 417-18 (11th Cir. 1995) (holding where a defendant pleads guilty and counsel fails to file a notice of appeal despite a request to do so, the defendant is entitled to an out-of-time appeal of the sentencing issues absent an express waiver, even without showing that any viable grounds for an appeal exist).

If, after an evidentiary hearing, a district court finds that a defendant was denied the right to appeal, it must vacate the judgment, reimpose the same sentence, and inform the defendant of the right to appeal and that he has ten days in which to file a notice of appeal. United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

In the present case, the district court did not determine whether Gaston requested that his attorney file a notice of appeal. If the district court determines after an evidentiary hearing that Gaston's counsel was ineffective in not filing a notice of appeal, then Gaston would be entitled to pursue an out-of-time appeal. See Gomez-Diaz, 433 F.3d at 793; see also Phillips, 225 F.3d at 1201. This is true even where, as here, a defendant contractually waived the right to appeal, because the merits of an appeal are not to be considered in deciding whether to grant an out-of-time appeal. See Flores-Ortega, 528 U.S. at 477, 120 S.Ct. at 1035.

Accordingly, we vacate the order denying relief, and instruct the district court to hold an evidentiary hearing to determine whether Gaston's counsel was ineffective in not filing a notice of appeal.[1]  If the court finds that counsel was ineffective then it should follow the procedures set forth in Phillips, 225 F.3d at 1201.

**VACATED AND REMANDED.**

---

[1] If an out-of-time appeal is ultimately granted and defense counsel believes that the record shows no meritorious basis for an appeal, counsel may, at that time, file a motion to withdraw from the case pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).