[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 11, 2007
THOMAS K. KAHN
CLERK

No. 06-15668
Non-Argument Calendar
_____

D. C. Docket Nos.
05-01294-CV-ORL-19-JGG
04-00046-CR-ORL

DONALD MAURICE KING,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 11, 2007)

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Donald Maurice King appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence for drug trafficking. We granted a certificate of appealability ("COA") on the narrow issue of whether appellant was denied effective assistance of counsel when counsel failed to file a timely notice of appeal after appellant allegedly requested counsel to do so. On this narrow issue, we answer in the affirmative and remand for an evidentiary hearing to determine whether King requested that his counsel file a notice of appeal on his behalf.

## I. BACKGROUND

In August 2004, King was sentenced to 188 months' incarceration for drug trafficking, followed a guilty plea. King never filed a direct appeal. In August of 2005, King, proceeding pro se, timely filed a 28 U.S.C. § 2255 habeas motion to vacate, set aside, or correct his sentence listing three grounds for this collateral appeal. The format of his habeas petition was incorrect, and the district court ordered King to refile his motion using the proper format. In September, King filed his corrected petition adding a fourth ground for his § 2255 petition: an ineffective assistance of counsel claim involving the failure of counsel to appeal on certain specified grounds.

In its response, the government conceded that this fourth claim, although not

raised previously, was sufficiently related to the timely filed motion to be deemed timely since ineffective assistance of appellate counsel can supply cause to excuse procedural default. For the first time in his reply brief, however, King alleged that he specifically had requested that his attorney file an appeal and that counsel ignored this request.

The district court denied King's § 2255 petition on all grounds. The court did not address King's claim that his attorney had ignored his explicit request to file an appeal because it deemed that argument to have been waived because he raised it in his reply brief, not in his original petition.

King appealed the district court's decision, but the district court denied his request for a certificate of appealability, holding that petitioner had not made "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). This court granted a COA to answer only whether appellant was denied effective assistance of counsel when counsel failed to file a timely notice of appeal after appellant allegedly requested counsel to do so.

## II. STANDARD OF REVIEW

In a 28 U.S.C. § 2255 proceeding, this Court reviews a district court's factual findings for clear error and its legal conclusions de novo. Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996).

3

## III. DISCUSSION

The government argues that we should not reach the question of whether petitioner was denied effective assistance of counsel when counsel ignored petitioner's alleged request to file an appeal. The government asserts that because petitioner did not raise this claim in his initial 28 U.S.C. § 2255 motion, but instead argued it for the first time in his reply brief, petitioner has waived this argument. Appellate review, however, is limited to the issue specified in the COA. 28 U.S.C. § 2253(c)(3); see Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (refusing to consider issues beyond those specified in the COA). The government's argument is outside the narrow limits of the issue presented in the COA, and we will not address it here.

We turn now to the issue specified in the COA granted in this case: whether petitioner was denied ineffective assistance of counsel when his attorney failed to file a notice of appeal after appellant allegedly requested that he do so.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.[1] Under the "performance" prong, the defendant must show that counsel's

_____

[1] In Roe v. Ortega-Flores, 528 U.S. 470, 477 (2000), the Supreme Court held that this two-prong test from Strickland applies to ineffective assistance of counsel claims based on counsel's failure to file a notice of appeal, such as petitioner's claim in this case.

performance "fell below an objective standard of reasonableness." Id. at 688. In other words, a petitioner has been denied effective assistance of counsel only if counsel's performance was professionally unreasonable. Under the "prejudice" prong, the defendant must show that counsel's deficient performance actually prejudiced the defendant. Id. at 692. The Court explained that the defendant must show that, but for the attorney's error, the outcome of the proceeding would have been different. Id. at 694.

As to the performance prong, the Roe court declared that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477. This court has interpreted Roe to mean that it is per se unreasonable to fail to follow a client's explicit request to file an appeal. Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005). Furthermore, even if the client did not make a specific request to his lawyer regarding an appeal, the court must inquire as to whether the attorney sufficiently consulted with his client about any potential appeal and made a reasonable effort to determine the client's wishes. Id. at 792. If the attorney did consult with his client, his performance is professionally unreasonable only if he fails to follow the client's instructions. Roe, 528 U.S. at 478. If the attorney did not consult with his client about the appeal, the court must determine whether there

5

existed an affirmative duty to consult with the client about an appeal. Id. Such an affirmative duty exists only when either (1) a rational defendant would want to appeal, or (2) this particular defendant reasonably demonstrated an interest in appealing. Id. at 480.

As stated previously, the second-prong of the Strickland test requires a showing that counsel's failure to file a notice of appeal actually prejudiced petitioner's rights in some way. The Roe court held that prejudice is presumed in cases where counsel failed to follow specific instructions from his client regarding filing an appeal, because in that situation the defendant is denied the entire judicial proceeding of an appeal. Roe, 528 U.S. at 483. In these situations, the defendant need only demonstrate that, but for counsel's unreasonable failure to consult with him about an appeal, there is a reasonable probability he would have timely appealed.[2] Id. at 484.

The record below is insufficient to resolve these questions. Petitioner

---

[2] Although the government has made no arguments to this court regarding the validity of petitioner's grounds for a direct appeal, we note that the merits of such an appeal are not relevant to the question of whether it was constitutionally deficient for petitioner to be denied an appeal following an explicit request to counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 485 (2000); see also Rodriguez v. United States, 395 U.S. 327, 329-330 (1969) (holding that because appeals from a district court's judgment of conviction in a criminal case are effectively a matter of right, a habeas petitioner whose rights were violated at some earlier stage of proceedings should not have to surmount the additional hurdle of proving the existence of meritorious grounds for appeal). We further note that petitioner's limited appeal waiver does not affect this standard, and it would be inappropriate to require petitioner to prove the existence of non-frivolous grounds for appeal at this stage. Gomez-Diaz v. United States, 433 F.3d 788, 793-94 (2005).

mentioned only briefly in his reply brief to the district court and his pleadings to this court that he asked his attorney to appeal and that the attorney failed to do so. The record contains no information as to the content of petitioner's instructions to counsel regarding an appeal, counsel's reply, the timeliness of the alleged request to appeal, or the existence of any other consultation between petitioner and his counsel on the value of an appeal.

The district court erred in not holding an evidentiary hearing to establish the content of the communications, if any, between petitioner and his attorney regarding a possible appeal. Without first establishing these facts, the district court could not adequately determine whether petitioner's counsel was professionally unreasonable for not following petitioner's instructions regarding an appeal or, in the alternative, for not adequately consulting with his client regarding the potential for an appeal. The district court instead applied only a portion of the Strickland analysis by evaluating only whether a rational defendant in petitioner's shoes would have wanted to appeal. Because the district court answered this question in the negative, it never reached the question of whether, assuming counsel was unreasonable, petitioner would have appealed but for this deficient performance by counsel.

We remand to the district court to hold an evidentiary hearing consistent

with this opinion.

## IV. CONCLUSION

The judgment dismissing petitioner's 28 U.S.C. § 2255 motions is

**VACATED**, and the action is **REMANDED** to the district court for further

proceedings consistent with this opinion.