[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13500
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00041-RH-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALTON EUGENE DIGGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 26, 2015)

Before HULL, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Alton Diggs appeals *pro se* the denial of his motion for an out-of-time appeal based on the alleged failure of trial counsel to file a notice of appeal. The district court treated Diggs's motion as a request for an extension of time to file a notice of appeal and denied the motion as untimely. *See* Fed. R. App. P. 4(b)(4). Because the district court should have construed Diggs's motion as seeking to vacate, set aside, or correct his sentence, 28 U.S.C. § 2255, we vacate and remand for the district court to determine whether Diggs is entitled to an out-of-time appeal on the ground that trial counsel was ineffective for failing to comply with Diggs's instruction to pursue a direct appeal.

## I. BACKGROUND

Diggs entered an agreement to plead guilty to conspiring to possess with intent to distribute cocaine and cocaine base. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)–(iii), 846. The plea agreement stated that Diggs "face[d], due to a prior drug felony conviction, a minimum of twenty years imprisonment," *see* 21 U.S.C. § 841(b)(1)(A); "the sentence imposed [was] left solely to the discretion of the District Court"; and Diggs and the government "reserve[d] the right to appeal any sentence imposed." Diggs's presentence investigation report provided that Diggs had an offense level of 34 and, with a criminal history score of VI, had an advisory guideline range of 262 to 327 months of imprisonment. The government

2

moved for a downward departure based on Diggs's substantial assistance. *See*

United States Sentencing Guidelines Manual § 5K1.1 (Nov. 2012).

On January 14, 2014, the district court granted the motion of the government

and departed downward to sentence Diggs to 10 years of imprisonment. The

district court advised Diggs that he had a right to appeal; twice remarked to Diggs

that he had to file his notice of appeal within 14 days; and urged Diggs to "talk

with [his] lawyer . . . to make sure that [he] ha[d] a clear understanding of whether

[Diggs] [did] or [did] not wish to appeal . . . ." *See* Fed. R. App. P. 4(b)(1)(A)(i).

The district court also advised trial counsel to either "file the notice and go

forward" or to "write [Diggs] a letter to make sure that there is no

misunderstanding and to bring home the importance of the decision." The district

court explained that, if Diggs chose to appeal, his attorney could file a notice of

appeal or "[t]he clerk of court [could] file a notice at [Diggs's] request."

On January 22, 2014, Diggs submitted a letter to the district court that

requested a reduction of his sentence. The district court interpreted the letter as

seeking reconsideration of Diggs's sentence and denied relief on January 28, 2014.

On May 28, 2014, Diggs filed *pro se* a motion for leave to file an out-of-

time appeal. In the motion, Diggs alleged that he was "denied the opportunity to

file a direct appeal because of his trial counsel's failure to fulfill his . . . duty to

consult with [Diggs] about [an] appeal[] . . . even though [Diggs] was clear in

communicatin[g] to his counsel the desire to file a direct appeal in the case." Because Diggs, "being untrained in the law, [did not] know . . . the correct method . . . to request an Out-of-Time appeal . . ., [he] move[d] the Court to accept this Motion or to look behind the title of this Motion and to apply such vehicle as [would] permit [his] journey to a direct appeal." Diggs reiterated that, "[i]f . . . this Motion . . . is not sufficient for the Court to act, . . . [that it] look behind the title of the motion and recharacterize it as such pleading as will permit the Court to act thereon." Diggs also "specifically move[d] the Court to recharacterize this action as a 28 U.S.C. § 2255 should that be the case; as 28 U.S.C. § 2255 appears to be the most correct method by which to raise this issue."

The district court treated Diggs's motion as requesting an extension of time to file an appeal, *see* Fed. R. App. P. 4(b)(4), and denied that motion as untimely. The district court ruled that Diggs failed to move for an extension of time within 30 days of the time to file a notice of appeal, whether that deadline was calculated from the entry of his sentence or the denial of his motion for reconsideration. Even if "Diggs's allegation that he clearly communicated to his attorney that he wished to appeal" were true and "would constitute excusable neglect for good cause," the district court explained, Rule 4(b)(4) "prohibit[ed] an extension of the length Mr. Diggs . . . requested."

4

## II. STANDARD OF REVIEW

We review *de novo* the conclusions of law by the district court in a proceeding for postconviction relief. *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005).

## III. DISCUSSION

The district court misconstrued Diggs's motion. The district court failed to construe a pleading filed by Diggs, a *pro se* litigant, liberally, *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014), and to "determine whether [Diggs's] motion [was], in effect, cognizable under a different remedial statutory framework," *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Diggs sought an out-of-time appeal on the ground that trial counsel was ineffective for failing to file a notice of appeal, which federal courts adjudicate routinely in a motion to vacate, set aside, or correct a sentence, 28 U.S.C. § 2255. *See Otero v. United States*, 499 F.3d 1267 (11th Cir. 2007); *Gomez-Diaz*, 433 F.3d 788; *Montemoino v. United States*, 68 F.3d 416 (11th Cir. 1995). And the district court ignored Diggs's explicit entreaties to "look behind the title of []his Motion" and "recharacterize []his action as a 28 U.S.C. § 2255" because that "appear[ed] to be the most correct method by which to raise []his issue." Diggs alleged that he was "denied the opportunity to file a direct appeal because of his trial counsel's failure" to file a notice of appeal. "When a defendant loses the opportunity to appeal due to

5

constitutionally defective counsel, . . . [he should be] put . . . back in the position he would have been in had his lawyer filed a timely notice of appeal." *McIver v. United States*, 307 F.3d 1327, 1331 (11th Cir. 2002) (internal quotation marks and citation omitted). If trial counsel ignored Diggs's "clear . . . [instruction] to file a direct appeal," he is entitled to the "entry of a new judgment for the purpose of permitting the perfection of an appeal," *id.* at 1330 (citing *Rodriquez v. United States*, 395 U.S. 327, 332, 89 S. Ct. 1715, 1718 (1969)), regardless of whether "there would have been any viable grounds for an appeal," *Montemoino*, 68 F.3d at 417. Because the district court erred when it failed to treat Diggs's motion as filed under section 2255, we vacate and remand for further proceedings.

## IV. CONCLUSION

We **VACATE** the decision that treated Diggs's motion as requesting an extension of time to file a notice of appeal and denied that motion as untimely. We **REMAND** with instructions for the district court to construe Diggs's motion as seeking to vacate, set aside, or correct his sentence, 28 U.S.C. § 2255, and to conduct further proceedings to determine whether Diggs's trial counsel was ineffective for failing to file a notice of appeal, which would entitle Diggs to an out-of-time appeal.