[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 30, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-10507
_____

D. C. Docket Nos. 00-00072 CV-2
and 97-38-CR

RALPH MCIVER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 30, 2002)**

Before BARKETT and MARCUS, Circuit Judges, and SCHLESINGER[*], District
Judge.

_____

[*]Honorable Harvey E. Schlesinger, U.S. District Court for the Middle District of Florida,
sitting by designation.

BARKETT, Circuit Judge:

Ralph McIver, a federal prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion as a second or successive motion filed without the permission of the court of appeals. Because his prior motion was a successful motion to file an out-of-time notice of appeal—in other words, one that simply protected his right to a direct appeal—he argues that it should not count against him in subsequent collateral proceedings. We agree, and therefore join the majority of our sister circuits in holding that a successful motion to file an out-of-time notice of appeal is not to be counted as a first petition for the purposes of subsequent collateral proceedings. Accordingly, we reverse the decision of the district court.

## BACKGROUND

Following his conviction for various cocaine offenses, McIver was sentenced to 300 months' imprisonment and ten years of supervised release. Despite his expressed desire to appeal, his trial counsel did not file a notice of appeal. Eleven days after he had been sentenced, McIver filed a motion for permission to file an out-of-time notice of appeal, which was denied. The court then appointed counsel and allowed McIver sixty days to file a motion pursuant to 28 U.S.C. § 2255 to raise the issue of trial counsel's ineffectiveness in failing to

2

file the notice of appeal. The court clerk sent McIver's appointed counsel a letter stating: "The only issue for the 28:2255 petition is to determine whether Mr. McIver told his attorney to appeal and his attorney refused." Through his appointed counsel, McIver filed the § 2255 motion, raising only the ineffectiveness claim regarding the failure to file the notice of appeal.

The court granted the motion, and by agreement of the parties, a new judgment was entered on October 2, 1998 in place of the prior, unappealed judgment, thereby allowing McIver to file a timely notice of appeal. We subsequently affirmed McIver's conviction and sentence. United States v. McIver, 184 F.3d 825 (11th Cir. 1999) (Table).

McIver then filed a motion pursuant to § 2255 challenging the conviction and sentence that had been imposed on October 2, 1998. The district court dismissed the motion as a second or successive application for post-conviction relief that could not be filed without permission from this Court. We then granted a certificate of appealability to determine, under the circumstances presented, whether the district court properly held McIver's motion to be "second or successive" as that phrase is contemplated by the Anti-Terrorism and Effect Death Penalty Act of 1996 ("AEDPA"). We review de novo the district court's dismissal

of a 28 U.S.C. § 2255 motion as second or successive.  See United States v. Orozco-Ramirez, 211 F.3d 862, 865 (5th Cir. 2000).

## DISCUSSION

AEDPA amended 28 U.S.C. § 2255 to impose new limitations on a prisoner's ability to file a "second or successive" application for post-conviction relief.  To file a second or successive motion, the petitioner must obtain the permission of the court of appeals, and such permission may be granted only if the claim is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, referencing 28 U.S.C. § 2244.

AEDPA does not define "second or successive," but five circuits have previously considered whether a motion under § 2255 is "second or successive" when an earlier § 2255 motion was granted to afford the petitioner the opportunity to file a direct criminal appeal.  The Fourth, Seventh, and Tenth Circuits have held that a subsequent motion is not "second or successive" in this circumstance.  See In re Goddard, 170 F.3d 435 (4th Cir. 1999); Shepeck v. United States, 150 F.3d 800

4

(7th Cir. 1998); United States v. Scott, 124 F.3d 1328 (10th Cir. 1997).  The First and Fifth Circuits have held that it is.  See United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000); Pratt v. United States, 129 F.3d 54 (1st Cir. 1997).  We agree with the Fourth, Seventh, and Tenth Circuits and hold that a successful motion to permit a direct appeal does not render a subsequent collateral challenge "second or successive" under AEDPA.

Long ago, the Supreme Court made it clear that the default of an appeal by constitutionally defective counsel requires entry of a new judgment for the purpose of permitting the perfection of an appeal.  See Rodriquez v. United States, 395 U.S. 327, 332, 89 S. Ct. 1715, 1718 (1969) (remanding the case "to the District Court where petitioner should be resentenced so that he may perfect an appeal in the manner prescribed by the applicable rules").  As a formal matter, therefore, McIver's present challenge is not a second or successive motion because it attacks not the judgment at issue in his earlier § 2255 motion but the new judgment that was entered to permit his out-of-time appeal – that is, the judgment entered by the district court on October 2, 1998.  Conversely, McIver's first § 2255 motion did not attack the judgment now at issue.  Nor, for that matter, did the earlier motion attack the original judgment in the sense of seeking to have a conviction overturned or sentence vacated.  Rather, McIver's first § 2255 motion sought only

5

the opportunity to prosecute a direct appeal, which might or might not have led (and, in fact, did not lead) to the reversal of his conviction and sentence.[1]

The notion that some types of collateral challenge do not render subsequent petitions or motions "second or successive" is not an unfamiliar one. See, e.g., Slack v. McDaniel, 529 U.S. 473, 486-87 (2000); Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998). In a number of different circumstances, courts have held that, because of the nature of the prior collateral proceedings, a later collateral challenge must be regarded as a first application for habeas relief. See, e.g., Slack, 529 U.S. at 486-87 (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render a subsequent petition second or successive); Stewart, 523 U.S. at 643-44 (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as a "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of the state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (prior application for

---

[1]Where counsel has ignored a direct request to prosecute an appeal, the defendant is entitled to an out-of-time appeal without any showing that there are viable grounds on which to base an appeal. See Montesino v. United States, 68 F.3d 416, 417 (11th Cir. 1995).

relief from judgment mislabeled as an application under § 2255 does not render any subsequent § 2255 motion second or successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as a first petition for purpose of determining successor status).

We find a similar approach to be appropriate in the case of a prisoner's reliance on a post-conviction mechanism for the purpose of taking an out-of-time appeal. When a defendant loses the opportunity to appeal due to constitutionally defective counsel, the point of the § 2255 remedy is to "put [the defendant] back in the position he would have been in had his lawyer filed a timely notice of appeal." Goddard, 170 F.3d at 437 (citation omitted); see also Scott, 124 F.3d at 1329 (same). Since a defendant who prosecutes a timely appeal is entitled thereafter to bring a collateral attack on the judgment, a defendant who wins an out-of-time appeal must also be entitled to one full and fair collateral attack. Shepeck, 800 F.3d at 801 ("[T]he new sentence puts the defendant in the same *legal* position as a person taking an appeal from the original judgment. Such a person is entitled to prosecute one collateral attack on the judgment.").

By contrast, if a petitioner in McIver's position were denied the opportunity to bring a collateral challenge after waging the out-of-time appeal, he would not in

fact be restored to the position he would have occupied had counsel not abandoned

him.  Rather, such a petitioner would have no choice but to plead all collateral

claims alongside the request for an out-of-time appeal; omission of the additional

collateral claims would generally foreclose later review under circumstances not

encompassed by AEDPA's exceptions for newly discovered evidence and new

rules of law.[2]  We think it clear that such a rule would place defendants denied an

[2]Although we reject the Government's contention that prisoners *must* file any collateral challenges in their § 2255 motion seeking an out-of-time appeal, we recognize that prisoners *may* proceed in this manner should they so choose.  We have not previously considered the procedure to be followed in such a case.  The Fifth Circuit has suggested that the district court could grant the petitioner a new trial if it found merit in any of the petitioner's other collateral claims, thereby pretermitting the claim based on counsel's failure to file a notice of appeal, or it could hold the remaining claims in abeyance or dismiss them without prejudice pending the outcome of the reinstated direct appeal.  Orozco-Ramirez, 211 F.3d at 871 n.15.  We think the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal.  There are significant inefficiencies to any other approach.  If the district court were to deny a collateral claim under a different standard of review than applies on direct appeal, then the defendant might be entitled to relitigate the same claim in his reinstated direct appeal.  Moreover, both the government and the petitioner could pursue collateral appellate proceedings on other claims that the outcome of the direct appeal might render unnecessary.  Although in Clisby v. Jones, 962 F.2d 925, 936 (11th Cir. 1992), we instructed district courts to resolve all claims in petitions brought pursuant to 28 U.S.C. § 2254, equally clear precedent of this Court directs that collateral claims should not be entertained while a direct appeal is pending.  See Welsh v. United States, 404 F.2d 333 (5th Cir. 1968) (binding authority in the Eleventh Circuit under Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)); see also Rules Governing 2255 Proceedings, Rule 5, advisory committee note; United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968); Masters v. Eide, 353 F.2d 517 (8th Cir. 1965).  Once the court has determined that the petitioner is entitled to a direct appeal, such an appeal is "pending" for all relevant policy purposes.

appeal by ineffective counsel at a considerable disadvantage relative to ones able to bring collateral claims after prosecuting a direct appeal.

Accordingly, we hold that "an order granting a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued." <u>Shepeck</u>, 150 F.3d at 801. A successful motion to file an out-of-time notice of appeal therefore does not render subsequent collateral proceedings "second or successive."

## CONCLUSION

For the foregoing reasons, we find that McIver's present motion is not barred by § 2255's limitation on "second or sucessive" applications for post-conviction relief. Accordingly, the decision of the district court is

**REVERSED AND REMANDED.**