[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-14884
Non-Argument Calendar

_____

D. C. Docket No. 88-00028-CR-FTM-JES-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE LEE TAPE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 13, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

In United States v. Hernandez et. al., 921 F.2d 1569 (11th Cir. 1991), we

affirmed Robert Lee Tape's convictions on eight counts of drug trafficking and related offenses for which he received four concurrent life sentences, two concurrent sentences of ten years, and concurrent sentences of five and three years. Between 1991 and 2002, Tape filed several pleadings with the district court in an attempt to vacate, set aside, or correct his convictions or sentences. Importantly, one of his efforts included a motion to vacate under 28 U.S.C. § 2255. The district court concluded that the motion was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and denied it. Thereafter, both the district court and this court declined to grant a certificate of appealability (COA) authorizing an appeal.

The dispute involved in the instant appeal did not arise until 2004, when Tape, through counsel, filed an "Unopposed Motion For Resentencing." In his motion and supporting memorandum, he set forth a detailed basis as to why the district court misapplied U.S.S.G. § 2D1.5 when it sentenced him in 1989. Ultimately, Tape asserted that his motion for resentencing could be construed as either: (1) an application under 18 U.S.C. § 3582(c)(2); or (2) a second § 2255 motion, which he believed could be considered because dismissal of a successive motion alleging new grounds for relief was not mandatory.

The district court denied relief under § 3582(c)(2) as unwarranted, and

2

denied any claim under § 2255 for lack of subject matter jurisdiction, noting, with respect to the latter, that Tape had unsuccessfully sought post-conviction relief under § 2255 before, that his motion had been denied on the merits, and he had not obtained leave to file a second or successive motion pursuant to 28 U.S.C. § 2244(b)(3)(C). After the court denied Tape's motion for reconsideration, Tape appealed by filing a notice of appeal more than 40 but less than 60 days later. The district court also declined to issue a COA, and we did likewise.

Several rules govern the procedure for perfecting an appeal and vesting this court with appellate jurisdiction. First, the timely filing of a notice of appeal is "a mandatory prerequisite to the exercise of appellate jurisdiction." United States v. Grant, 256 F.3d 1146, 1150 (11th Cir. 2001) (quoting United States v. Ward, 696 F.2d 1315, 1317 (11th Cir. 1983)).

In criminal cases, a defendant is required to file a notice of appeal "within 10 days after the later of . . . the entry of either the judgment or the order being appealed . . . ." Fed. R. App. P. 4(b)(1)(A)(I). A district court may extend this ten day period by up to thirty days if the defendant shows excusable neglect, but even if excusable neglect exists, the latest a defendant can wait before appealing is forty days after entry of the final order being appealed. Fed. R. App. P. 4(b)(4). In civil cases, by contrast, a defendant is allowed 60 days for filing the notice of appeal

3

where the government is a party. See Fed. R. App. P. 4(a)(1)(B).

Section 3582(c) motions are continuations of criminal proceedings, not post-conviction civil actions. See United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003). Appeals in § 2255 proceedings, however, are treated as civil in nature. United States v. Brown, 117 F.3d 471, 474 (11th Cir.1997).

Even if an appeal is timely filed in a case where a final order is entered pursuant to § 2255, 28 U.S.C. § 2253(c)(1) normally requires issuance of a COA to perfect the appeal. This may not be true in certain circumstances, see Hubbard v. Campbell, 379 F.3d 1245 (11th Cir. 2004), but it is in most situations, including ones where a motion is dismissed as successive, see McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002).

Where an appeal is timely and properly perfected, 28 U.S.C. § 2244(b)(4) compels a district court to dismiss any claim presented in a second or successive application pursuant to 28 U.S.C. § 2255 that does not meet the requirements set forth in 28 U.S.C. § 2244(b)(2). "We review de novo the district court's dismissal of a § 2255 motion as second or successive." McIver, 307 F.3d at 1329.

To the extent Tape relied on 18 U.S.C. § 3582(c)(2) to support resentencing, his present appeal is untimely. Because it is untimely, we dismiss his appeal in this respect. To the extent he relied on 28 U.S.C. § 2255, his appeal is timely – but the

4

order dismissing his motion as successive is not subject to review on appeal where, as here, no COA has been issued. Even if a COA is not necessary, Tape here essentially concedes – and the record confirms – that his motion for resentencing was successive and subject to dismissal.[1]

**DISMISSED IN PART, AFFIRMED IN PART.**

---

[1] To the extent Tape also argues that he was entitled to some other form of relief, such as "recall" of a mandate, we conclude that appellate jurisdiction does not exist to consider those claims, either.