[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12159
Non-Argument Calendar
_____

D. C. Docket No. 05-00683-CV-BBM-1

GARY L. HAWES,

Petitioner-Appellant,

versus

TONY HOWERTON,
Warden,
PAROLES BOARD,
THURBERT E. BAKER,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 27, 2007)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Gary Lee Hawes, a Georgia state prisoner proceeding pro se, appeals the district court's dismissal of his habeas corpus petition, 28 U.S.C. § 2254, as second or successive or, alternatively, as time-barred. Hawes's current § 2254 petition is second or successive if a document he filed in February 2001 was a § 2254 habeas corpus petition that was denied with prejudice. That document was filed as Hawes v. Warden, 1:01-CV-0488-BBM in the Northern District of Georgia, which is the same district court where this current § 2254 petition was filed.

Hawes contends that the February 2001 document was not a § 2254 habeas corpus petition, but was merely a letter to the district court. We granted a certificate of appealability on the issues of whether the district court erred in dismissing his § 2254 petition as second or successive, and, if so, whether the district court erred in determining that it was time-barred.

We review de novo a district court's dismissal of a habeas corpus petition as second or successive. See McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002) (reviewing a federal prisoner's motion to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255). Before filing a second or successive § 2254 petition, a petitioner must first obtain authorization from this Court. 28 U.S.C. § 2244(b)(3)(A). Without this prior authorization, a district court lacks

2

jurisdiction to consider the habeas corpus petition.  See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (concluding that a Federal Rule of Civil Procedure 60(b) motion was an unauthorized successive § 2255 motion to vacate).

The record in this case does not enable us to determine whether Hawes's February 2001 filing was in fact a federal habeas corpus petition that would make his current § 2254 petition second or successive.  The record does not contain the February 2001 document or the district court orders ruling on it.  In prior orders in this case, the district court recognized that Hawes's February 2001 filing was docketed in the district court as Hawes v. Warden, 1:01-CV-0488-BBM, but acknowledged that the district court had not retrieved this record from its archives. See Hawes v. Howerton, No. 1:05-CV-0683-BBM, slip op. at 7 (N.D. Ga. July 6, 2006); Hawes v. Howerton, No. 1:05-CV-0683-BBM, slip op. at 2 (N.D. Ga. Mar. 1, 2006).

Because the determination of whether Hawes's current § 2254 petition is second or successive is a threshold jurisdictional question, we vacate and remand to the district court to obtain the record in case number 1:01-CV-0488-BBM and to examine the relevant documents therein to determine whether the 2001 filing was (1) a § 2254 petition (or construed as a § 2254 petition) and (2) denied with

prejudice.[1]

Further, we request that the district court explicitly outline all of its findings in its new order on remand (as opposed to adopting prior orders) in order to aid future appellate review in the event that this case is appealed again. We make this request because the procedural history in this case is particularly complicated. For example, the district court first dismissed Hawes's § 2254 petition as successive in its March 1, 2006 order, then reversed its own ruling that the § 2254 petition was successive in its July 6, 2006 reconsideration order. After this Court in the first appeal determined that the district court lacked jurisdiction to enter the July 6, 2006 order due to an untimely reconsideration motion and remanded, the district court, in its April 26, 2007 order, reinstated its original March 1, 2006 order determining that Hawes's § 2254 petition was successive. The district court's April 26, 2007 order also properly noted that this Court's September 27, 2006 remand order should have instructed the district court to vacate its July 6, 2006 order, not its March 1, 2006 order. Thus, it will be helpful on remand to have a single order containing the district court's findings and conclusions.

**VACATED AND REMANDED.**

---

[1]Because we vacate and remand for the district court to address this threshold jurisdictional issue, we decline to address the district court's alternative determination that Hawes's § 2254 petition was time-barred.