[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11268
Non-Argument Calendar

_____

D. C. Docket No. 07-60134-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD O. FRANK,
a.k.a. Robert Curtis Edwards,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 18, 2009)

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Donald O. Frank ("Frank") appeals his 70-month sentence for conspiracy to

import 500 grams or more of cocaine into the United States in violation of 21 U.S.C. § 963.  Frank argues that the district court erred when it refused to conduct a de novo resentencing after his conviction and sentence were vacated and reinstated pursuant to the granting of his 28 U.S.C. § 2255 motion.  After reviewing the record, we AFFIRM Frank's sentence.

## I. BACKGROUND

Frank pled guilty to one count of conspiracy to import 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. § 963.  R1-103 at 1. The presentence investigation report (PSI) set Frank's total offense level at 23, with a criminal history category of IV, making his guideline imprisonment range 70 to 87 months.  Frank objected to the PSI, arguing that his criminal history category over-represented the seriousness of his criminal record, and requested a downward departure pursuant to U.S.S.G. § 4A1.3.  R1-93 at 5-7.  The district court found that Frank's criminal history category did not over-represent the seriousness of his criminal record and denied the motion.  R3 at 6-7.  After Frank affirmed that there were no further objections, the district court sentenced him to 70 months of imprisonment.  Id. at 3-4, 12, 14-15.

Thereafter, Frank filed a pro se 28 U.S.C. § 2255 motion claiming that he was denied effective assistance of counsel during sentencing when his lawyer

failed to: (1) argue for a minor role reduction; (2) contest the addition of several criminal history points; (3) accurately describe to him the manner in which the guidelines were applied; and (4) file a notice of appeal after Frank requested she do so. R1-124 at 1-2, 14-18. Soon after Frank's motion, an evidentiary hearing was held before a magistrate judge. The magistrate judge recommended that: (1) Frank's motion to vacate be granted solely as to the claim that his counsel was ineffective for failure to file a notice of appeal; (2) Frank's same sentence be reimposed; (3) Frank be permitted to file a direct appeal, as dictated by the procedure set forth in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000); and (4) Frank's remaining claims raised in his § 2255 motion be dismissed without prejudice to the filing of another § 2255 motion once his conviction became final (upon resolution of his reinstated direct appeal). 10 December 2008 Report of Magistrate Judge, 0:08-cv-60569-WJZ, doc. 17 at 17-19.[1] The district court adopted the magistrate judge's recommendations and granted Frank's motion to vacate. R1-133.

Prior to the district court's resentencing, Frank filed a sentencing memorandum, prepared by new counsel, in which he raised the three sentencing issues alleged in his § 2255 motion and one new issue regarding the disparity

---

[1] The record in this case was supplemented with the 10 December 2008 magistrate Judge's report by order on 23 October 2009.

3

between his sentence and the sentences of his co-defendants. R1-139 at 3-9. At Frank's resentencing, the district court vacated Frank's prior sentence but stated that it would "not entertain any objections or any motions . . . as [the court was] simply here for resentencing." R4 at 3. Frank attempted to argue the issues raised in his sentencing memorandum and renewed his motion for a downward departure, pursuant to U.S.S.G. § 4A1.3. Id. at 4-5. In response, the district court stated that the previous ruling on the motion for a departure would remain the same and denied Frank's request to decide the sentencing issues raised. Id. at 5, 7-8. The district court resentenced Frank to 70 months of imprisonment. Id. at 8.

On appeal, Frank argues that his sentencing objections should have been ruled upon at resentencing rather than forcing him to go through the appellate process and file another § 2255 motion raising the same issues previously raised in his first § 2255 motion. Frank points out that at the time of resentencing, he had already completed over half of his original 70-month sentence. Had the district court addressed his sentencing objections, there would be no issue left to litigate on a post conviction basis (other than on direct appeal if his objections were overruled).

## II. DISCUSSION

Frank claims that the district court erred in failing to consider sentencing

objections that had been raised in his § 2255 motion and an additional objection raised for the first time at resentencing. We review the legality of a criminal sentence de novo. United States v. Tamayo, 80 F.3d 1514, 1518 (11th Cir. 1996). In Phillips, we outlined the procedure district courts should follow when they grant an out-of-time appeal in a criminal case as a remedy in a § 2255 proceeding: (1) the judgment from which the defendant wishes to file an out-of-time appeal should be vacated; (2) the defendant's original sentence should then be reimposed; (3) the district court should advise the defendant that he has the right to appeal; and (4) the district court should advise the defendant that he has ten days during which to file such appeal. Phillips, 225 F.3d at 1201.

According to McIver v. United States, 307 F.3d 1327 (11th Cir. 2002), "[w]hen a defendant loses the opportunity to appeal due to constitutionally defective counsel, the point of the § 2255 remedy is to put the defendant back in the position he would have been in had his lawyer filed a timely notice of appeal." McIver, 307 F.3d at 1331 (internal quotations and citation omitted). We held in McIver that a successful § 2255 motion to permit an out-of-time appeal does not render a subsequent § 2255 motion second or successive. Id. at 1330. While prisoners may include collateral challenges in their § 2255 motion requesting an out-of-time appeal, the "best approach" is for the district court to dismiss the

5

collateral claims without prejudice if it grants an out-of-time appeal because "collateral claims should not be entertained while a direct appeal is pending," and "[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes." Id. at 1332 n.2 (internal citations and quotations omitted).

The district court did not err in reinstating Frank's previous sentence, without entertaining his objections, because it followed the procedure set forth in Phillips and properly put Frank in the position he would have been in had he filed a timely appeal. While this case is unique because Frank's § 2255 objections all relate to sentencing, allowing Frank to raise his objections would have contravened the goal of allowing Frank to file a timely appeal. See McIver, 307 F.3d at 1331; Phillips, 225 F.3d at 1201. On this direct appeal, Frank could have (1) raised his unpreserved sentencing issues subject to plain error review, or (2) raised an ineffective assistance of counsel claim, see United States v. Comacho, 40 F.3d 349, 355 (11th Cir. 1994) (stating "We will . . . consider an ineffective assistance of counsel claim on direct appeal if the record is sufficiently developed."), overruled in part on other grounds by United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2001). Additionally, in the future, Frank may still collaterally attack his sentence by filing a new § 2255 motion. See McIver, 307 F.3d at 1330-32.

## II. CONCLUSION

Frank appeals his 70-month sentence and argues that the district court erred when it refused to conduct a <u>de novo</u> resentencing after his conviction and sentence were vacated and reinstated pursuant to the granting of his § 2255 motion. As we have explained, the district court properly followed the <u>Phillips</u> procedure for granting an out-of-time appeal in a criminal case as remedy in a § 2255 proceeding. We therefore AFFIRM Frank's sentence.

**AFFIRMED.**