[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14614
Non-Argument Calendar
_____

D.C. Docket Nos. 1:07-cv-00076-JOF; 1:03-cr-00659-JOF-ECS-1

EDWARD WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 17, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Edward Williams appeals his conviction and 300-month sentence, imposed after pleading guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846.[1]   We affirm.

*The Guilty Plea*

Williams challenges the legality of his guilty plea on five grounds. Ordinarily, such challenges call for de novo review.  *See United States v. Brown*, 117 F.3d 471, 474 (11th Cir. 1997).  But, because Williams asserts these claims for the first time on appeal, we review only for plain error.[2]  *United States v. Moriarty*, 429 F.3d 1012, 1018–19 (11th Cir. 2005).  Williams has not shown plain error.

*1.  Rule 11 Requirements*

Williams argues the district court erred in accepting his guilty plea. According to Williams, the district court did not follow proper procedure under Fed. R. Crim. P. 11 to ensure that his guilty plea was knowing and voluntary. Among other things, Williams contends the district court misinformed him of the statutory-minimum sentence applicable for his offense.

Williams's claims are unavailing; the record shows the district court fulfilled its obligations under Rule 11.  *See* Fed. R. Crim. P. 11(b).  As we have stated,

---

[1] Williams filed this appeal after the district court granted his motion under 28 U.S.C. § 2255.  *See United States v. Phillips* 225 F.3d 1198 (11th Cir. 2000).

[2] To preserve such issues on appeal, a defendant must challenge the legality of his guilty plea by moving the district court to withdraw the plea under Fed. R. Crim. P. 11(d).  *See United States v. Moriarty*, 429 F.3d 1012, 1018 n.2 (11th Cir. 2005).

2

"there is no one mechanical way . . . that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy." *United States v. Wiggins*, 131 F.3d. 1440, 1443 (11th Cir. 1997).  Moreover, even if the district court misstated the applicable mandatory-minimum sentence, Williams has not shown prejudice—that is, he has not shown a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).  Indeed, in its 2012 resentencing order, the district court found as a factual matter that nothing "in the record . . . indicate[d] that [Williams] ever realistically intended to go to trial." *See Moriarty*, 429 F.3d at 1020 n.4 (noting "we may consider the whole record, not just the plea colloquy" when determining prejudice under Rule 11).  In other words, any purported error by the district court did not induce or otherwise cause Williams's guilty plea.  Accordingly, Williams has not shown the district court plainly erred in accepting his guilty plea.

### 2.  Judicial Involvement in Plea Negotiations

Williams also contends the district court interfered with plea negotiations, in violation of Rule 11.  But Williams's contention is meritless.  The district court's comments did not constitute judicial interference with plea negotiations, because Williams's plea agreement was negotiated, executed, and tendered before the challenged plea colloquy took place.  *See United States v. Telemaque*, 244 F.3d

3

1247, 1249 (11th Cir. 2001) (holding "a court's *post*-agreement remark[s]" do not violate Rule 11's prohibition on judicial interference with plea negotiations); *see also United States v. Diaz*, 138 F.3d 1359, 1363 (11th Cir. 1998) (holding district courts "should not offer comments touching upon proposed or possible plea agreements" *prior* to the parties reaching a "plea agreement . . . and disclos[ing] [it] in open court"); *cf. United States v. Casallas*, 59 F.3d 1173, 1178 (11th Cir. 1995) (holding a district court's statements violated Rule 11 when the plea agreement had not yet been reached and was still being negotiated).

*3. Entry of the Guilty Plea*

Next, Williams argues he was "rushed" to enter a guilty plea, and was not afforded sufficient time to prepare his defense. At his June 2004 plea hearing, Williams claims the district court's refusal to postpone the trial compelled him to plead guilty. As a result, he argues his guilty plea was not knowing and voluntary.

The record does not support Williams's claim. Williams was indicted in November 2003, arrested in January 2004, and he tendered his guilty plea in June 2004. *See, e.g.*, *United States v. Davis*, 967 F.2d 516, 518–19 (11th Cir. 1992) (holding a two-month period was sufficient preparation time); *United States v. Darby*, 744 F.2d 1508, 1522 (11th Cir. 1984) (holding one month of preparation for a complex criminal trial was sufficient). During that several-month span the district court held a pretrial conference, granted a continuance of trial, and twice

granted Williams additional time to obtain counsel. Moreover, the court also provided Williams multiple opportunities to withdraw his guilty plea—not only during his change-of-plea hearing in June 2004, but also during his initial sentencing hearing in April 2005. Williams declined each opportunity to withdraw his plea. On these facts, Williams has not shown the district court "rushed" him or otherwise plainly erred in its handling of his plea agreement. *See United States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005) ("[N]ot every denial of a request for a continuance is a denial of due process.").

### 4. Counsel of Choice

Williams argues the district court violated his Sixth Amendment right to counsel of choice. Williams claims the district court effectively forced him to proceed with non-preferred counsel by failing to grant a continuance sua sponte at his June 2004 plea hearing. Williams argues the district court's failure in this regard violated his right to counsel of choice under the Supreme Court's decision in *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S. Ct. 2557 (2006).

Williams's contention is meritless and rests on a misunderstanding of the right he invokes. *See, e.g.*, *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697 (1988) (emphasizing that the Sixth Amendment does not necessarily "ensure that a defendant will inexorably be represented by the lawyer whom he prefers"). Under *Gonzalez-Lopez*, a defendant's choice-of-counsel right is violated

5

when his "choice is *wrongfully* denied." 548 U.S. at 150, 126 S. Ct. at 2565 (emphasis added). But nothing in *Gonzalez-Lopez* denies district courts the authority "to make scheduling . . . decisions that effectively exclude a defendant's first choice of counsel." *Id.* at 152, 126 S. Ct. at 2566.

Although Williams expressed dissatisfaction with his counsel at the plea hearing, he has not shown that the district court *wrongfully* denied him his preferred counsel. *See United States v. Bowe*, 221 F.3d 1183, 1190 (11th Cir. 2000). After granting Williams a continuance and additional time to obtain counsel several months earlier—and after considering Williams's reasons for desiring other counsel—the district court found no reason to postpone trial any longer. In reaching that conclusion, the district court lawfully exercised its "wide latitude" to "balanc[e] the right to counsel of choice against the needs of fairness, and against the demands of [the court's] calendar." *See Gonzalez-Lopez*, 548 U.S. at 152, 126 S. Ct. at 2565–66 (internal citations omitted); *see also United States v. Campbell*, 491 F.3d 1306, 1310 n.2 (11th Cir. 2007) (stressing "the need to balance the right to counsel of choice with the need to ensure the integrity of the criminal justice system").

    5. *Factual Basis for the Guilty Plea*

Finally, Williams claims the district court plainly erred in determining that his plea was supported by a sufficient factual basis. Like Williams's other

6

challenges to his guilty plea, this one is unavailing.  Williams contends he is entitled to relief because he admitted to being involved only in marijuana but not cocaine.  But, as a matter of law, the factual basis for a guilty plea does not require uncontroverted evidence of guilt.  *See United States v. Gomez-Gomez*, 822 F.2d 1008, 1011 (11th Cir. 1987) (holding courts have discretion to accept guilty pleas even when such pleas include exculpatory facts or denials of guilt).  Instead, a factual basis is sufficient when the evidence would permit a reasonable trier of fact to find the defendant guilty of the offenses as charged.  *See United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005).  In this case, the Government presented evidence sufficient to find Williams guilty of the charged drug conspiracy.

*Reasonableness of Sentence*

Williams argues the district court erred in relying on the Presentence Investigation Report's (PSI) drug-quantity calculations and its factual classification of him as a career offender under U.S.S.G. § 4B1.1.  Williams's claims fail based on our decision in *United States v. Beckles*, 565 F.3d 832 (11th Cir. 2009), since he either failed to raise, or withdrew, these objections at sentencing.  *Id.* at 844.  Accordingly, because Williams effectively concedes the PSI's factual findings, *see id.*, the district court did not plainly err in its drug-quantity calculations, *cf. United States v. Ramsdale*, 61 F.3d 825, 831 (11th Cir. 1995), or in sentencing Williams as a career offender, *see* U.S.S.G. § 4B1.1(a).

*Ineffective Assistance of Counsel*

Williams argues his various trial lawyers were ineffective at sentencing, in particular, and in handling his guilty plea, in general.  However, because the record is not sufficiently developed, we decline to consider Williams's claims.[3]  *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

*Allocution at Resentencing*

Williams argues that after granting his § 2255 motion the district court erred in denying him allocution at resentencing.  This contention is meritless.  Under *United States v. Phillips*, a defendant who successfully shows ineffective assistance of counsel in a § 2255 proceeding is entitled to resentencing for the limited purpose of putting him back in the position he would have been in had his lawyer filed a timely notice of appeal.  *See* 225 F.3d 1198, 1201 (11th Cir. 2000).  But *Phillips* does not require district courts to hold hearings or provide defendants duplicative allocution opportunities.  *See McIver v. United States*, 307 F.3d 1327, 1331 (11th Cir. 2002).  In this case, Williams exercised his right to allocute at his

---

[3] To be sure, the record contains the transcript of an evidentiary hearing on Williams's § 2255 motion.  But that evidentiary hearing does not provide a sufficient factual record for deciding Williams's other ineffective-assistance-of-counsel claims, which involve different counsel and different factual allegations.  Although the prior hearing permitted Williams to offer evidence regarding the claims he presses in this appeal, the district court made no factual findings or credibility determinations with regard to those claims; it merely dismissed them without prejudice.  In any subsequent § 2255 proceeding, the district court has discretion to decide whether Williams deserves a new evidentiary hearing on those claims for which he has already been afforded such an opportunity.  *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(a).

original sentencing hearing, *cf. United States v. Prouty*, 303 F.3d 1249, 1251–52 (11th Cir. 2002), and—because the district court properly followed the procedure set forth in *Phillips*—it did not err in resentencing Williams without hearing and allocution, *see McIver*, 307 F.3d at 1331.

*Conclusion*

For the foregoing reasons, Williams's conviction and sentence are affirmed.

**AFFIRMED.**

JORDAN, Circuit Judge, concurring:

In my view, the district court incorrectly told Mr. Williams during the change of plea hearing that it could go below the 20-year statutory minimum sentence if there was an acceptance of responsibility adjustment.  Nevertheless, I agree with the majority that Mr. Williams has not shown prejudice or plain error.