**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Geno ROLLE, Defendant–Appellant.**

**No. 15–13027
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 3, 2016.

Wifredo A. Ferrer, Laura Thomas Rivero, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Adrienne Rabinowitz, U.S. Attorney's Office, West Palm Beach, FL, for Plaintiff–Appellee.

Geno Rolle, Big Spring, TX, pro se.

---

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Geno Rolle, a federal prisoner proceeding *pro se*, appeals from the district court's order denying his motion to correct a "clerical error," ostensibly filed pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Rolle, who was convicted in 2009 of illegal re-entry of a deported alien under 8 U.S.C. § 1326(a) and (b)(2), argues that the motion, which the district court construed as an unauthorized successive motion to vacate pursuant to 28 U.S.C. § 2255, was not a request to vacate the conviction, but a request to correct the indictment, which he contends incorrectly charged him with both entry and attempting to enter.

Pursuant to § 2255, a prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, when a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before filing a successive § 2255 motion. *Id.* §§ 2244(b)(3), 2255(h).

Rolle's motion, which explicitly requested that the district court vacate his sentence, was more aptly construed as a § 2255 motion to vacate. Therefore, as Rolle already had filed a prior § 2255 motion that was denied on the merits, the district court did not err in denying the instant motion as successive and unauthorized by this Court. *See McIver v. United States,* 307 F.3d 1327, 1329 (11th Cir.2002) (reviewing *de novo* the dismissal of a § 2255 motion as second or successive).

**AFFIRMED.**