[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14978
Non-Argument Calendar
_____

D.C. Docket Nos. 1:15-cv-22992-KMM,

2:09-cr-14016-KMM-6

DEWAYNE BERNARD MITCHELL, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 9, 2016)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Dewayne Bernard Mitchell, Jr., a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion for lack of jurisdiction. After review, we affirm.[1]

In 2010, Mitchell filed his first § 2255 motion, arguing, inter alia, that his counsel was ineffective for failing to challenge his career offender classification under the Sentencing Guidelines. In denying Mitchell's § 2255 motion, the district court acknowledged Mitchell's valid collateral appeal waiver in his plea agreement, but did not rely on that appeal waiver. Instead, the district court ruled on the merits of Mitchell's claims.

In 2015, Mitchell filed the instant § 2255 motion, again arguing ineffective assistance of counsel for failing to challenge his career offender classification. The district court dismissed this § 2255 motion as an unauthorized successive § 2255 motion.

On appeal, Mitchell asserts that the district court dismissed his first § 2255 motion in 2010 due to his appeal waiver in his plea agreement and that afterward his appeal waiver was "removed upon instructions of the [United States] Attorney General." Mitchell argues that his current § 2255 motion was not second or successive because, pursuant to § 2255(f)(2), his claim did not become ripe until after the removal of the appeal waiver as an impediment.

---

[1]We review de novo the district court's dismissal of a § 2255 motion as second or successive. McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002).

Pursuant to § 2255, a federal prisoner claiming the right to be released on the grounds that his sentence was imposed in violation of federal law or the Constitution, the court lacked jurisdiction to impose sentence, his sentence is beyond the maximum authorized by law, or his sentence is otherwise subject to collateral attack, "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  If the district court determines that relief is warranted, it must vacate and set aside the judgment and discharge or resentence the prisoner, or grant a new trial or correct the sentence, if appropriate.  Id. § 2255(b).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations for filing a § 2255 motion, which begins to run following the latest of four possible events:

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a [§ 2255] motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

Id. § 2255(f).

Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from this Court authorizing the district court to consider the motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Without this Court's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion.  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

A numerically second § 2255 motion may or may not be "second or successive" under the AEDPA.  See Stewart v. United States, 646 F.3d 856, 859-60 (11th Cir. 2011); see also Slack v. McDaniel, 529 U.S. 473, 486, 120 S. Ct. 1595, 1605 (2000) (explaining that the phrase "second or successive," as used in the AEDPA, is a term of art).  In Stewart, after a prisoner filed his first § 2255 motion, he successfully challenged in state court the state convictions that were predicate convictions for his career offender sentence.  See Stewart, 646 F.3d at 857-58.  One month after his state convictions were vacated, the prisoner filed a second-in-time § 2255 motion, and requested vacatur of the career offender enhancement.  Id. at 858.  The district court dismissed the second-in-time § 2255 motion as successive.  Id.  In reversing, we explained that the basis for the second-in-time § 2255 motion—vacatur of the predicate state convictions—did not exist at the time of the prisoner's first § 2255 motion, and thus the numerically second motion was not "second or successive" within the meaning of AEDPA.  Id. at 863-

4

In <u>Boyd v. United States</u>, we applied <u>Stewart</u> and determined that a prisoner's previously dismissed § 2255 motions did not render a later § 2255 motion "successive" because the prisoner's claim did not exist before his initial § 2255 proceeding concluded and the rulings on subsequent motions were not on the merits.  754 F.3d 1298, 1301-02 (11th Cir. 2014) (stating that "second or successive status only attaches to a judgment on the merits").

Here, whether Mitchell's current § 2255 motion would have been timely filed under § 2255(f)(2) if it were his first § 2255 motion has no bearing on whether the present motion is successive within the meaning of the AEDPA.  <u>See</u> 28 U.S.C. § 2255(f).  The district court did not err in dismissing Mitchell's motion to vacate as an unauthorized successive § 2255 motion because, unlike in <u>Stewart</u> and <u>Boyd</u>, not only did Mitchell's ineffective assistance claim exist when he filed his first § 2255 motion in 2010, but he asserted essentially the same ineffective assistance argument in his first § 2255 motion that he asserts in his current § 2255 motion.  In his initial § 2255 proceeding, the district court clearly addressed the merits of Mitchell's ineffective assistance claim.  Contrary to Mitchell's claim, the district court did not rely on the collateral appeal waiver in Mitchell's plea agreement to deny his first § 2255 motion.  Therefore, the district court correctly determined that Mitchell's first § 2255 motion was adjudicated on the merits, and as such, the current § 2255 motion is a "second or successive" motion within the

5

meaning of the ADEPA.  See Boyd, 754 F.3d at 1302.  Accordingly, because

Mitchell did not obtain our authorization before filing his successive § 2255

motion, the district court properly concluded that it lacked jurisdiction over the

motion and dismissed it.  See Holt, 417 F.3d at 1175.[2]

    **AFFIRMED.**

---

[2]On appeal, Mitchell does not argue that the district court should have construed his § 2255 motion as a § 2241 petition brought pursuant to § 2255's savings clause.  In any event, the Southern District of Florida would have lacked jurisdiction to consider a § 2241 petition from Mitchell, as he is incarcerated in the Middle District of Florida.  See 28 U.S.C. § 2241(a); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991).