[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15665
Non-Argument Calendar
_____

D.C. Docket Nos. 3:15-cv-00377-RV-EMT; 3:02-cr-00020-RV-EMT-2

MARCO D. DUNCAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 27, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Marco Duncan appeals the dismissal of his motion to vacate, set aside, or

correct his sentence, pursuant to 28 U.S.C. § 2255.  He argues that, under *Johnson*

*v. United States*, 544 U.S. 295, 125 S. Ct. 1571 (2005), his motion was not second or successive because a prior state conviction was reclassified from a felony to a misdemeanor.

We review de novo a district court's dismissal of a § 2255 motion as second or successive. *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002).

Before a prisoner may file a second or successive motion to vacate, he must first obtain an order from this court authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without our authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion to vacate. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam).

When a movant, in a numerically second § 2255 motion, collaterally attacks his federal sentence on the basis that a state conviction used to enhance his federal sentence was subsequently vacated, the motion is not "second or successive," as it is based on a fact that did not exist when he filed his first § 2255 motion. *Stewart v. United States*, 646 F.3d 856, 865 (11th Cir. 2011).

However, a district court does not have the authority to review an alleged sentencing error under § 2255 unless the error "constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 186, 99 S. Ct. 2235, 2240 (1979) (internal quotation marks omitted). To meet this standard, a federal prisoner must show either "actual

2

innocence of his crime or the vacatur of a prior conviction." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (en banc).

Here, Duncan was originally convicted of conspiring to possess with intent to distribute cocaine. This crime is punishable by a term of imprisonment "which may not be less than ten years or more than life."  21 U.S.C. § 841(b)(1)(A). However, because he was previously convicted of felony possession of cocaine base in California, his minimum sentence raised to twenty years by statute. *Id.* The district court sentenced him to life in prison. Duncan appealed and brought a § 2255 petition, but did not gain relief. Subsequently, California reclassified Duncan's state conviction to a misdemeanor. He brought this numerically second § 2255 motion seeking to vacate his sentence due to California's reclassification.

Given our binding precedent of *Spencer*, we are obligated to affirm.[1] Duncan's sentence of life imprisonment "was and is lawful," both before and after California reclassified his offense—the statutory maximum at all times remained life imprisonment. *See Spencer*, 773 F.3d at 1144. Additionally, Duncan has shown neither "actual innocence of his crime" nor "the vacatur of a prior conviction." *See id.* at 1139.

**AFFIRMED.**

---

[1] Appellant Duncan appears to concede as much. Second Amended Initial Brief at 9.