[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13913
Non-Argument Calendar
_____

D.C. Docket Nos. 9:16-cv-81110-DTKH, 9:05-cr-80193-DTKH-1

ROBERTO DELGADO,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 5, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Roberto Delgado, a federal prisoner represented by counsel, appeals the district court's dismissal of his second 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence for lack of jurisdiction. On appeal, Delgado argues that his sentence, which was enhanced under the career offender guideline in U.S.S.G. § 4B1.1, was unlawful following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

We review *de novo* the district court's dismissal of a § 2255 motion as second or successive. *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h). Without such authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion to vacate. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Under the 2005 version of the Sentencing Guidelines, a defendant was a career offender subject to an enhanced sentence where the instant offense was a felony that was either a crime of violence or a controlled substance offense and the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). The Sentencing Guidelines

2

defined "crime of violence" as any offense under federal or state law, punishable by a term exceeding one year, that:

(1) has *as an element* the use, attempted use, or threatened use of physical force against the person of another, *or*

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

*Id.* § 4B1.2(a) (emphasis added). The first clause was referred to as the "elements" clause, the beginning of the second clause as the "enumerated crimes" clause, and the latter portion as the "residual" clause. Although *Johnson* involved an Armed Career Criminal Act ("ACCA") challenge, not a guideline career offender dispute, the Sentencing Commission amended this guideline effective August 2016 to strike the "residual clause." *Id.* § 4B1.2(a)(2), Amendment 798.

On June 26, 2015, the Supreme Court held in *Johnson* that the "residual" clause of the ACCA was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Later, the Supreme Court held that *Johnson* was retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Further, the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017) that the advisory Sentencing Guidelines were not subject to a vagueness challenge under the Due Process Clause, and that the "residual" clause formerly in the career offender guideline, U.S.S.G. § 4B1.2(a), was not void for vagueness. *Id.* at 895.

3

Here, Delgado's sentence was enhanced under the career offender guideline, not under the ACCA. Moreover, he did not raise any of his claims in an authorized second or successive § 2255 motion, and thus, the district court properly dismissed his second § 2255 motion for lack of jurisdiction. *McIver*, 307 F.3d at 1329. As this was Delgado's second § 2255 motion, he was required to receive our authorization to file it. *See* 28 U.S.C. § 2255(h). However, we denied his application to file the successive § 2255 motion in 2016. As such, under § 2255(h), the district court lacked jurisdiction to review the present motion.

Moreover, to the extent that Delgado argues that his total sentence is unlawful after *Johnson* because the "residual" clause in the former version of U.S.S.G. § 4B1.2(a)—which was identical to the ACCA's residual clause—is void for vagueness, his argument is without merit. As the Supreme Court found in *Beckles*, the advisory Guidelines are not subject to void-for-vagueness challenges, and the holding in *Johnson* did not extend to the "residual" clause formerly in U.S.S.G. § 4B1.2(a). *Beckles*, 137 S. Ct. at 895. Accordingly, as Delgado did not have authorization to file his second § 2255 motion, the district court properly dismissed it for lack of jurisdiction, and we affirm.

**AFFIRMED.**

4