[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10124
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cv-62141-BB; 0:04-cr-60046-JAG-1

RAYMOND GEORGE BOHNING,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Raymond Bohning, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his second 28 U.S.C. § 2255 motion to vacate based on lack of jurisdiction. On appeal, he reiterates his argument from the § 2255 motion—that Amendment 801 to the Sentencing Guidelines added a knowledge requirement to sentencing enhancements for distribution of child pornography, and the amendment should be applied retroactively to reduce his sentence because he did not possess the requisite knowledge.[1]

We conduct a *de novo* review of a district court's dismissal of a § 2255 motion as second or successive. *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). We review a district court's denial of a motion for reconsideration for an abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h). Without such authorization, the district court lacks jurisdiction to

---

[1] Bohning also argues, for the first time on appeal, that his § 2255 motion should instead be construed as an 18 U.S.C. § 3582(c)(2) motion. Even if we assume that this argument is properly before us, Bohning is not entitled to relief under § 3582(c)(2). Section 3582(c)(2) allows relief only in accordance with the policy statements of the Sentencing Commission. And the Commission's policy statement, which is codified at U.S.S.G. § 1B1.10, allows for sentence reductions based only on amendments to the guidelines that are specifically listed in § 1B1.10(d). Because Amendment 801 is not listed there, Bohning is not entitled to relief.

consider a second or successive § 2255 motion to vacate.  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Here, the record shows that Bohning had filed a previous § 2255 motion that was denied on the merits and failed to first seek or receive our permission to file the instant, second § 2255 motion.  Thus, the district court properly dismissed the motion for lack of jurisdiction.  For the same reasons, we also cannot say that the district court abused its discretion in denying Bohning's motion for reconsideration.  Accordingly, we affirm.

**AFFIRMED.**