[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11635
Non-Argument Calendar

_____

D.C. Docket Nos. 8:19-cv-03193-WFJ-SPF,
8:17-cr-000592-WFJ-SPF-1

DOMINIC GREGORY AMALFITANO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2021)

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Dominic Amalfitano appeals the district court's order granting in part his

28 U.S.C. § 2255 motion and permitting him to file a belated direct appeal in his

underlying criminal case.  The district court did not address the other claims

Amalfitano raised in his § 2255 motion.  We granted Amalfitano a certificate of

appealability on the issue of "[w]hether the district court's order should be vacated

and remanded because it failed to address all of the claims raised in appellant's 28

U.S.C. § 2255 motion, in light of *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992)

(*en banc*)."  For the reasons that follow, we vacate the district court's order in part

and remand the case for the limited purpose of the district court entering an order

dismissing without prejudice Amalfitano's remaining § 2255 claims.

## I.    Background

In 2019, Amalfitano pleaded guilty to possession with intent to distribute

methamphetamine and possession of stolen firearms.  The district court entered

judgment on June 7, 2019, and imposed concurrent terms of 87 months'

imprisonment, followed by three years of supervised release.  On December 23,

2019, Amalfitano filed a § 2255 motion to vacate sentence, asserting, in relevant

part, that (1) his counsel was ineffective for failing to file a direct appeal; (2) his

counsel had overlooked a potential defense to his firearm charge; (3) his counsel

was not properly prepared at his sentencing hearing; and (4) the district court had

violated his right to due process by basing his sentence on inaccurate or unreliable

information.  The district court granted the motion in part, but "only to the extent

that [Amalfitano] may file a belated appeal in the related criminal case."

2

Accordingly, the district court vacated the original judgment and issued an amended judgment imposing the same sentence so that Amalfitano could pursue his direct appeal in accordance with our directive in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).[1] The district court did not mention the disposition of Amalfitano's three remaining § 2255 claims except to say that its determination was "not to be construed as a determination on the merits of Petitioner's claims for relief in his motion." This appeal followed.

## II.        Discussion

Amalfitano argues that this district court violated *Clisby* by failing to address and rule on each and every claim that Amalfitano raised in his § 2255 motion.[2] The government maintains that there was no *Clisby* violation, and under *McIver v.*

---

[1] In *Phillips*, we held that:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by [Federal Rule of Appellate Procedure] 4(b)(1)(A)(i).

225 F.3d at 1201. Following the grant in part of his § 2255 motion, Amalfitano filed a direct appeal, in which we affirmed his convictions and sentences and dismissed his challenge to the substantive reasonableness of his sentence as barred by his valid sentence-appeal waiver. *United States v. Amalfitano*, 837 F. App'x 748 (11th Cir. 2020).

[2] When reviewing a district court's denial of a § 2255 motion, "we review legal issues *de novo* and factual findings under a clear error standard." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quotation omitted).

3

*United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002), the district court refrained correctly from addressing Amalfitano's other § 2255 claims that were not related to the belated direct-appeal claim upon which it granted relief.

In *Clisby*, we directed district courts to resolve all claims for relief raised in a habeas petition, regardless of whether habeas relief is granted or denied. *Clisby*, 960 F.2d at 935–36 (addressing 28 U.S.C. § 2254 petitions); *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying *Clisby* to § 2255 motions). When a district court commits a *Clisby* error, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Clisby*, 960 F.2d at 938.

In *McIver*, we held that a successful § 2255 motion to permit an out-of-time appeal does not render a subsequent § 2255 motion second or successive. 307 F.3d at 1332. In so holding, we noted that, notwithstanding our directive in *Clisby*, in such cases where the district court determines that the § 2255 movant is entitled to a direct appeal, the "best approach" is for the district court to either "dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal." *Id*. at 1332 n.2.

Thus, although the district court was correct to not reach the merits of Amalfitano's three remaining § 2255 claims, the district court did err in failing to address whether it was dismissing those claims without prejudice or holding them

4

in abeyance pending the resolution of the direct appeal. *See id.* Accordingly, we vacate the district court's order in part and remand for the limited purpose of having the district court dismiss Amalfitano's other claims without prejudice.[3]

**VACATED IN PART AND REMANDED.**

---

[3] Because we have already resolved his direct appeal, holding the remaining § 2255 claims in abeyance is not an option. Thus, dismissal of the collateral claims without prejudice is the only available remedy. We do not disturb the district court's initial granting of relief on Amalfitano's direct appeal claim.