[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12010
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00015-WLS-TQL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED BERNARD LEAKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 3, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Alfred Bernard Leaks appeals his conviction for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.  Leaks raises two arguments on appeal.  First, he contends that the district court erred in not granting his first or second motion to withdraw his guilty plea.  Second, Leaks contends that he received ineffective assistance of counsel.  We address each argument in turn.

## I.

We ordinarily will "review the denial of a request to withdraw a guilty plea for an abuse of discretion," and will find "no abuse of discretion unless the denial is arbitrary or unreasonable."  *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotation marks omitted).  Arguments concerning the entry of a guilty plea that were not raised in the district court, however, are reviewed for plain error.  *United States v. Monroe*, 353 F.3d 1346, 1349, 1353 (11th Cir. 2003); Fed. R. Crim. P. 52(b).  "Under plain-error review, the defendant has the burden to show that there is (1) error (2) that is plain and (3) that affects substantial rights."  *Monroe*, 353 F.3d at 1349 (quotation marks and alteration omitted).  Nevertheless, under the doctrine of invited error, even plain-error review is unavailable "where a criminal defendant 'invites' the constitutional error of which he complains."  *United States v. Jernigan*, 341 F.3d 1273, 1289 (11th Cir. 2003).

Under Federal Rule of Criminal Procedure 11, governing pleas, a defendant may withdraw a plea prior to sentencing if he can show a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). In determining whether the defendant has shown a fair and just reason for withdrawal, the district court may consider the totality of the circumstances surrounding the plea, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw the plea." *Buckles*, 843 F.2d at 471-72 (citations omitted); *see also Monroe*, 353 F.3d at 1350 n.3 (noting that "courts may consider the whole record when considering whether Rule 11 error occurred or prejudiced a defendant"). In determining whether a plea was knowing and voluntary, a court must address three core Rule 11 concerns, ensuring: (1) that the plea is free from coercion; (2) that the defendant understands the nature of the charges; and (3) that the defendant knows and understands the consequences of the plea. *See United States v. Hernandez-Fraire,* 208 F.3d 945, 949 (11th Cir. 2000); *see also Brehm*, 442 F.3d at 1298 ("It does not amount to abuse of discretion when a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea.").

3

"The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide," and there is no absolute right to withdraw a guilty plea prior to the imposition of a sentence. *Buckles*, 843 F.2d at 471-72.  In addition, statements made during a plea colloquy are generally presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  A defendant, therefore, "bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

To the extent that Leaks argues that the district court erred in not granting his second motion to withdraw his guilty plea, the doctrine of invited error precludes review of this issue because Leaks invited any claimed error by rescinding the second motion to withdraw before the district court could rule on it. To the extent that Leaks argues that the district court erred in denying his first motion to withdraw, the district court did not abuse its discretion, much less plainly err, in denying the motion.  Of the four factors used to determine whether a defendant has shown a fair and just reason for withdrawal, Leaks's appeal primarily implicates two, whether the plea was entered with the close assistance of counsel and whether it was knowing and voluntary, in light of a prior head injury that Leaks allegedly suffered and his counsel's actions prior to and during the change-of-plea hearing.  The record shows that counsel reviewed the plea

agreement and superseding information with Leaks at the change-of-plea hearing, and that the district court addressed the core Rule 11 concerns during the plea colloquy, confirming that Leaks was not coerced into pleading guilty, and that he understood the nature of the charge and consequences of his plea.  Despite his arguments on appeal, Leaks failed to carry his heavy burden in showing that his statements to the court during the plea colloquy were false, and the court did not err in denying his first motion to withdraw.

## II.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984).  Under *Strickland*, an ineffective-assistance claim has two components, requiring a defendant to show: (1) "that counsel's performance was deficient," and, (2) "that the deficiency prejudiced the defense."  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

We generally do not address ineffective-assistance-of-counsel claims on direct appeal where the record is not sufficiently developed to allow review.  *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015) (declining to review ineffective-assistance claims where there was no testimony from the defendant or his attorney regarding their discussions about, or understanding of, a plea agreement); *see also United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th

5

Cir. 1994) ("It is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim."). Instead, "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Where a § 2255 motion challenges counsel's effectiveness in failing to timely file a notice of appeal, a district court may allow an out-of-time appeal as the remedy in the § 2255 proceeding. *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). An order granting a § 2255 motion to permit an out-of-time notice of appeal does not render subsequent collateral proceedings second or successive. *McIver v. United States*, 307 F.3d 1327, 1332 (11th Cir. 2002).

We decline to review Leaks's ineffective-assistance-of-counsel claims, which are based, in part, on his counsel's failure to investigate his prior head injury and failure to move to dismiss the original indictment or assist in the plea process, because the record is not sufficiently developed on these issues. Instead of bringing these claims now on an undeveloped record, the appropriate course of action is for Leaks to file a § 2255 motion so that he may have the opportunity to develop the facts necessary to support his claims. While the district court

6

previously granted Leaks relief on a § 2255 motion to permit an out-of-time appeal, his next § 2255 motion will not be rendered second or successive.

Upon review of the record and consideration of the parties' briefs, we affirm Leaks's conviction.

**AFFIRMED.**